IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KYLE AKRIDGE PACE,
    Plaintiff,

vs.                        Case No.: 3:20cv3762/TKW/EMT

JACK LINKS SNACKS, INC.,
    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, proceeding pro se and in forma pauperis, initiated this action by filing a complaint under 28 U.S.C. § 1332 (ECF Nos. 1, 4). The undersigned is well-experienced in interpreting pleadings filed by pro se litigants and recognizes that certain niceties of such pleadings may not be the same as in those crafted by lawyers. Nevertheless, the present complaint can only be liberally characterized as non-sensical.

Plaintiff alleges he was poisoned by "shredded jerky," presumably referring to a dried meat product manufactured by Defendant. He contends the jerky contained "superbugs," which are "federal audio and video," that allow "people [to] get into [him]" (ECF No. 1 at 4). Plaintiff says Defendant "programmed [him] through [his] neurons, [his] medication, and the chip in [his] toe" and has been doing

so for "10 plus years" (*id.* at 5).  According to Plaintiff, he has "bought Jack Links items for 10 years and its [sic] always had this issue" (*id.* at 6).  Plaintiff asks that Defendant "back that [he is] not scammed and or [sic] killed through these superbugs for the rest of [his] life" (*id.* at 5).  Plaintiff states that "all" of his rights under the Constitution, laws, or treaties of the United States have been violated.  As recompense, he seeks $500,000 "for being poisoned," which he maintains "causes indigestion and stomach bug every time"; he requests yearly refunds and that Defendant "put funds in Gulf Winds Credit Union" (*id.* at 5–6).

"[A] district court has the inherent power to dismiss an action that is 'so patently lacking in merit as to be frivolous.'"  *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (*quoting Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir. 1983)); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (affirming district courts' inherent authority to dismiss frivolous claims sua sponte).  "A claim is frivolous if it is without arguable merit either in law or fact."  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (*citing Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)); *see also Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (noting "a case is frivolous for section 1915(d) [now 28 U.S.C. § 1915(e)(2)(B)(i)] when it appears

the plaintiff has little or no chance of success") (internal marks omitted). In this instance, it is clear Plaintiff has failed to plead anything close to approaching an actionable claim. Indeed, his allegations are nonsensical and do not describe any sort of viable cause of action. In addition, he also has wholly failed to allege a jurisdictional basis for his claims.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Here, the deficiencies in Plaintiff's complaint cannot be cured by amendment. The undersigned thus finds Plaintiff's complaint should be dismissed. *See, e.g., Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) ("We have recognized that district courts have the inherent power to sua sponte dismiss frivolous lawsuits without giving notice to the parties."); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (under 28 U.S.C. § 1915, a federal court may dismiss a complaint whose factual contentions describe "fantastic or delusional scenarios"); *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989) (a complaint is legally frivolous when the legal theories are "indisputably meritless"—such as when it is

clear that defendants are immune from suit or a complaint contains "claims of infringement of a legal interest which clearly does not exist . . ."—or if the "factual contentions are clearly baseless," such as when the claims describe "fantastic or delusional scenarios, claims with which federal district judges are all too familiar") (citation omitted); *Gallop v. Cheney*, 642 F.3d 364, 366, 368–69 (2d Cir. 2011) (district court permitted to sua sponte dismiss complaint as factually frivolous where plaintiff, represented by counsel, filed complaint alleging that senior United States government officials caused the attacks of September 11, 2001); *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (complaint may be dismissed even before service of process where its legal theories are indisputably meritless).

Accordingly, it is respectfully **RECOMMENDED**:

1. That this case be **DISMISSED** without prejudice as frivolous.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 21st day of April 2020.

> */s/ Elizabeth M. Timothy*
> **ELIZABETH M. TIMOTHY**
> **CHIEF UNITED STATES MAGISTRATE JUDGE**

Case No.: 3:20cv3762/TKW/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  A copy of objections must be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**